IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRILL ZEMCHENKO, *Petitioner,* v. WARDEN, et al., *Respondents.* | CIVIL ACTION NO. 26-1529 |

# ORDER

**AND NOW**, this 13th day of March 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 4), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Zemchenko is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] Around August 27, 2022, Kirill Zemchenko, a citizen and national of Russia, presented to immigration authorities near the port of entry in San Ysidro, California. (Pet. ¶¶ 30, 36, Dkt. No. 1.) They paroled him into the country and instructed him to attend periodic check-ins with ICE. (*Id.* ¶ 40.) He did so on March 9, 2026, but ICE agents detained him under 28 U.S.C. § 1225(b), (*Id.* ¶¶ 42–43), and moved him to the Philadelphia Federal Detention Center, (*Id.* ¶ 8.) He has not received a bond hearing. (*Id.* ¶ 43.)

Zemchenko filed a federal *habeas* petition on March 10, 2026, alleging violations of the Immigration and Nationality Act and due process. (*Id.* at 12–15.) He seeks an order preventing the Government from transferring him outside the Eastern District, directing the Government to show cause, declaring his detention his unlawful, and releasing him from detention or requiring a bond hearing within seven days. (*Id.* at 15.) The Government responds that Zemchenko is lawfully detained under § 1225(b)(2) because he is an "inadmissible arriving alien" under federal regulations. *See* (Gov't Resp. in Opp'n at 4, Dkt. No. 4).

The Court disagrees with the Government for the reasons stated in *Murodov v. Jamison*, No. 25-594, 2026 WL 413440 (E.D. Pa. Feb. 13, 2026). Zemchenko was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him. And federal regulations on "arriving aliens" have no significance for his mandatory detention. *See id.*, at *2. Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford Zemchenko the opportunity to seek bond at a hearing before an immigration judge. *See id.*, at *2–3. The Court need not address his due process claim.

2. **On or before March 20, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Zemchenko with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Zemchenko may appeal that decision to the Board of Immigration Appeals.

                                                                               BY THE COURT:

                                                            ***/s/ Gerald J. Pappert***
                                                            Gerald J. Pappert, J.